

150 E. 18th St., Suite PHR • New York, NY 10003
Tel (212) 228-9795 • Fax (212) 982-6284
NYJG@aol.com

May 31, 2022

**VIA ECF**

The Honorable Jesse M. Furman
United States District Judge
The Honorable Sarah Netburn
United States Magistrate Judge
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:   *Miller v. Lion Heart Autographs, Inc.,*
             Case No.: 1:22-cv-697  Motion for Stay

Dear Judge Furman and Magistrate Netburn,

      The undersigned represents Kimberly Miller, ("Plaintiff") in the above referenced matter against Defendant, Lion Heart Autographs, Inc., ("Defendant"). On May 27, 2022, Defendant, through its counsel, David Stein, filed a Motion to Dismiss. The Plaintiffs allege that Defendant's interactive website violates the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12181, *et seq.* as well as NYS and NYC statutes due to barriers on the website for blind consumers. Defendant sells retail merchandise on its website and does not have a physical store location.

      Although the Motion to Dismiss contains several grounds, one of the main issues raised by the Defendant is that the website does not constitute a "place of public accommodation" within the meaning of the ADA, 42 U.S.C. § 12181(7). The Plaintiff contends that the website does constitute a "place of public accommodation" and the decision on this issue may be dispositive of the action.

      This identical issue is currently pending before this Court in several other cases in which our law firm represents the blind and disabled Plaintiffs and several of these cases have already been fully briefed and are awaiting decisions. Defendant's Counsel, David Stein, represents the

Defendants in several of the pending cases as well. The apparent reason for the recent rash of these motions is the split of authority in the Circuits as well as within the Second Circuit after *Winegard v. Newsday*[1]. *Winegard* is an outlier and held that a nexus is required to a physical location. This decision was clearly rejected by this Court in *Romero v. 88 Acres*[2] as well as more recent cases in this Court and in *Panarra v. HTC*[3] in the WDNY.

     One of the pending motions that has been fully briefed is *Young v. Metropolitan Learning Institute, Inc.*, 1:22-cv-1722 (JPO) (SDA). Another case in which our law firm represents the Plaintiffs is *Lopez v. Manhattan Midtown Dental, P.C.*, 1:21-cv-11051. An identical Motion to Dismiss was made in the *Lopez* case which was mooted by the filing of an Amended Complaint by Plaintiffs and we anticipate a similar motion to be made against the Amended Complaint. Another fully briefed case with an identical issue in which our law firm represents the Plaintiffs is *Roman v. Greenwich Village Dental Arts P.C., et al.*, 1:21-cv-5939 pending before Judge Koeltl.

     Mr. Stein also recently filed an identical motion in *Young v. Alpine Furniture, Inc.*, 1:22-cv-2899 and I will seek a stay in that case simultaneously herewith. Another case in which our firm represents the Plaintiffs with an identical motion is *Calcano v. Adventerra Games North America LLC*, Civil Case No.: 1-21-cv-7402, and I am likewise seeking a stay in that case.

     For the convenience of the Court, annexed as Exhibit A, is a chart detailing the above cases in which our law firm represents the Plaintiffs and identical motions are pending or anticipated and their current status.

     In order to conserve scarce judicial resources and avoid inconsistent decisions, as well as for the inexpensive determination of these actions, I respectfully request Your Honor to stay the pending motion until decisions are reached on the other above motions that have been fully briefed. These other decisions are clearly not binding on Your Honor but may provide persuasive authority.

     We thank the Court for its time and attention in this matter.

     Respectfully submitted,

     /s/Michael A. LaBollita, Esq.
     Michael A. LaBollita, Esq.

cc: All counsel of record via ECF

---

[1] *Winegard v. Newsday LLC*, 556 F Supp 3d 173 [EDNY 2021]
[2] *Romero v. 88 Acres Foods, Inc.*, 2022 US Dist LEXIS 9040 [SDNY Jan. 18, 2022, No. 20-CV-9215 (KMW)]
[3] *Panarra v. HTC Corp.*, 2022 US Dist LEXIS 69951 [WDNY Apr. 15, 2022, No. 6:20-CV-6991-FPG]

Exhibit A

Gottlieb & Associates, motions pending on interactive websites, re: "place of public accommodation" pursuant to 42 U.S.C 12181 (7)

| Case Name | Civil Case No.: | Current Status |
| --- | --- | --- |
| *Young v. Alpine Furniture, Inc.* | 1:22-cv-2899 (JPO) (BCM) | Motion Filed 5/27/22 |
| *Miller v. Lion Heart Autographs, Inc.* | 1:22-cv-697 (JMF) (SN) | Motion filed 5/27/22 |
| *Hedges v. Sarahs Silks, Inc.* | 1:22-cv-108 (RA) (SN) | Motion filed 5/4/22, Opposition filed 5/24/22 |
| *Roman v. Greenwich Village Dental Arts P.C.*, et al | 1:21-cv-5939 (JGK) | Motion filed 3/6/22, Opposition filed 3/25/22 |
| *Young v. Metropolitan Learning Institute, Inc.* | 1:22-cv-1722 (JPO) | Motion filed 4/28/22, Opposition filed 5/19/22 Reply filed 5/23/22 |
| *Lopez v. Manhattan Midtown Dental, P.C.* | 1:21-cv-11051 (JPO) | Motion Filed 4/11/22. Amended Complaint filed 5/9/22 |
| *Calcano v. Adventerra Games North America LLC* | 1-21-cv-7402 (MKV) (SN) | Motion filed 3/11/22, Amended Complaint filed 5/3/22, Motion re: Amended Complaint filed 5/25/22 |

Application DENIED. The fact that other cases in this Court present the same issue is not an adequate basis for a stay. The parties should promptly advise the Court of any relevant decisions being issued. The Clerk of Court is directed to terminate ECF No. 22. SO ORDERED.

*[signature]*  June 1, 2022